**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Roseanna Galliher, ) | C/A No. 4:09-1970-CMC-TER |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on January 27, 2011. For the reasons set forth below, the court adopts the Report in part and remands the case to the Commissioner for the limited purpose of determining, at Steps Four and Five, whether Plaintiff can perform her past relevant work and whether there are specific jobs in significant numbers in the national economy that Plaintiff can perform.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject,

1

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Defendant objects to the Report's recommendation that this matter be remanded to the Commissioner. Dkt. No. 19. The Report recommends remand to clarify the ALJ's findings that (1) Plaintiff can return to her past relevant work both as she actually performed it and as generally performed in the national economy and (2) there are specific jobs in significant numbers in the

national economy that Plaintiff can perform.[1]  Dkt. No. 16.  For the reasons stated below, the court adopts the Report in part and remands the matter to the Commissioner.

**Exposure Restrictions.**  The Report recommends remand based primarily on an inconsistency in the record: the ALJ relied on vocational expert ("VE") testimony which was based on a hypothetical question that did not match the ALJ's residual functional capacity ("RFC") determination.  As part of the ALJ's RFC determination, he concluded that "the claimant should avoid *moderate* exposure to temperature extremes and irritants."  Tr. 13 (emphasis added).  However, when the ALJ questioned the VE, he posed a hypothetical indicating Plaintiff was precluded from *concentrated* exposure to temperature extremes and irritants.  Tr. 40. (emphasis added).  The RFC determination was more restrictive with respect to exposure to irritants and extreme temperatures than the hypothetical posed to the VE.  The ALJ relied almost exclusively on the VE's testimony at Steps Four and Five of his decision without addressing this inconsistency.  Tr. 15-16.

In his objections, Defendant argues that the inconsistency between the ALJ's RFC determination and the hypothetical posed to the VE is harmless.  Dkt. No. 19.  Defendant presents substantial evidence that neither Plaintiff's past relevant work nor the alternative jobs the ALJ found Plaintiff could perform (Tr. 16 (including hand packer and sorter)) would expose Plaintiff to the moderate temperature extremes or irritants that her RFC precludes.  *Id.* at 2-3.  The court finds, however, that this evidence, including information from the Dictionary of Occupational Titles, was

---

[1] The Report concludes that substantial evidence supports the ALJ's decision to discount the opinion of Plaintiff's treating physician, Dr. Joseph Garand.  Dkt. No. 16 at 10.  Having reviewed the record, the court adopts the reasoning and recommendation as to the weight the ALJ placed on Dr. Garand's opinion.

not before the ALJ when he made his decision. To rely on this evidence now would ask the court to resolve issues that are more properly under the purview of the Commissioner. The court concludes that remand is necessary to clarify whether, given Plaintiff's exposure restrictions in her RFC, she can perform past relevant work and/or other specific jobs available in the national economy.

**Mental Impairments.** The Report also raises concerns about the ALJ's decision in reference to Plaintiff's mental impairments. First, the hypothetical posed to the VE included a restriction to "simple, routine, and repetitive tasks" whereas the RFC determination did not make any specific mental restriction findings. Dkt. No. 16 at 13. Second, although the ALJ found Plaintiff's mental impairments were severe, he did not include mental restrictions in his RFC determination. *Id.* at 17. The court does not find that either of these concerns warrant remand.

Plaintiff alleged mental impairments. Tr. 12. Therefore, the hypothetical posed to the VE took into consideration Plaintiff's alleged impairment and gave her the benefit of the doubt in considering possible employment. Further, the ALJ's finding that Plaintiff's mental impairments are severe is not inconsistent with a finding that they do not create a limitation on her functional capacity. The conclusion that Plaintiff has severe mental impairments was made at Step Two of the sequential evaluation of Plaintiff's claim, which is separate and distinct from the ALJ's assessment of Plaintiff's RFC, considered as part of Steps Four and Five. Therefore, the ALJ did not err in failing to include mental restrictions in Plaintiff's RFC although he found her mental impairments were severe.

## CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation of the

Magistrate Judge in part and remands the case to the Commissioner for further proceedings in accordance with this order.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 22, 2011