IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Roseanna Galliher,                          )        C/A No. 4:09-1970-CMC-TER
                                            )
        Plaintiff,                          )
                                            )        **ORDER GRANTING PETITION**
        v.                                  )          **FOR ATTORNEY'S FEES**
                                            )
Michael J. Astrue,                          )
Commissioner of Social Security Administration, )
                                            )
        Defendant.                          )
_____ )

        This matter is before the court on Plaintiff's petition for attorney's fees pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Plaintiff seeks an award of $6,807.62,

representing 37.1 attorney hours at a rate of $176.25 per hour and 3.25 paralegal hours at $88.13 per

hour.  Dkt. Nos. 24-1 and 27.  Defendant opposes the petition, arguing that Plaintiff is not entitled

to an award of attorney's fees because Defendant's position in this case was substantially justified.

Dkt. No. 25.  However, Defendant requests that if the court determines that an EAJA award is

appropriate in this case, it should be made payable to Plaintiff, not Plaintiff's counsel.  *Id.*  For the

reasons set forth below, the court grants Plaintiff's motion, awarding attorneys' fees in the amount

of $6,807.62 and directs that the fees be paid to Plaintiff, not Plaintiff's counsel.

**STANDARD**

        Under the EAJA, a court shall award reasonable attorneys' fees to a prevailing party in

certain civil actions against the United States unless it finds that the government's position was

substantially justified or that special circumstances make an award unjust.   28 U.S.C. §

1

2412(d)(1)(A) (2010).[1] The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). When determining whether Defendant's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993).

### DISCUSSION

After review of the record, the court finds that the Defendant's position was not substantially justified, and, therefore, Plaintiff is entitled to an award of attorneys' fees under the EAJA.

**Reliance on Vocational Expert Testimony.**  As part of the ALJ's residual functional capacity ("RFC") determination in this matter, the ALJ concluded that "the claimant should avoid *moderate* exposure to temperature extremes and irritants." Tr. 13 (emphasis added). However, when the ALJ questioned the vocational expert ("VE"), he posed a hypothetical indicating Plaintiff was precluded from *concentrated* exposure to temperature extremes and irritants. Tr. 40. (emphasis added). The RFC determination was more restrictive with respect to exposure to irritants and extreme temperatures than the hypothetical posed to the VE. In determining whether Plaintiff could perform her past relevant work and whether there were specific jobs in significant numbers in the

---

[1] A party who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

national economy that Plaintiff could perform at Steps Four and Five of the sequential evaluation, the ALJ relied almost exclusively on the VE's testimony without addressing this inconsistency. Tr. 15-16. In his objections, Defendant argued that the minimal difference between avoiding concentrated exposure versus moderate exposure to irritants was not material in this case, and he offered evidence that neither Plaintiff's past relevant work nor the alternative jobs the ALJ found Plaintiff could perform (Tr. 16 (including hand packer and sorter)) would expose Plaintiff to the moderate temperature extremes or irritants that her RFC precluded. *See* Dkt. No. 19. However, in its order, the court found that it would be improper for the court to rely on Defendant's additional evidence, which was not before the ALJ when he made his decision, and the court agreed with the Magistrate Judge's recommendation that the ALJ's error necessitated remand. Dkt. No. 22.

Defendant now argues that his position was substantially justified because it was not unreasonable to defend the ALJ's decision and argue that the ALJ's error was harmless. Dkt. No. 25 at 3. However, as Plaintiff argues in her reply brief, the ALJ is required to properly determine if the claimant can perform past work or other work in the national economy at Steps Four and Five of the sequential evaluation process, and, when non-exertional impairments are present as in this case, this is done through VE testimony. Dkt. No. 27 at 3 (citing *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983)). However, for a VE's testimony to be relevant or helpful it must be in response to "proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). In this case, the VE's testimony was in response to a hypothetical that did not fairly set out all of Plaintiff's impairments, yet the ALJ relied on it in making his disability determination without explaining this inconsistency. Therefore, Defendant was unjustified in defending the ALJ's reliance on the VE's testimony because the ALJ failed to

3

follow well-established procedures in eliciting and considering such testimony.

**Payment of Fee Award.** Defendant requests that the fee award should be paid directly to Plaintiff, not Plaintiff's counsel, despite the fact that Plaintiff signed a fee agreement that assigns all fees awarded to her attorney. *See* Dkt. No. 24-4. This court agrees. In *Astrue v. Ratliff*, the Supreme Court held that the EAJA requires attorneys' fees be awarded directly to the litigant. 130 S. Ct. 2521, 2524 (2010) (holding that the plain text of the EAJA requires that attorneys' fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same). Neither *Ratliff* nor *Stephens* addresses whether claimants may assign EAJA fees to their attorneys via contract. However, the court is concerned that such contracts would constitute an end-run around the plain text of the EAJA as interpreted in both cases. *Cf. Brown v. Astrue*, 271 Fed. Appx. 741, 743 (10th Cir. 2008) (stating, in *dicta*, that claimant's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party . . . ."); *Washington v. Astrue*, 2010 WL 3023028, slip op. at *5 (D.S.C. July 29, 2010) (holding that EAJA fees are payable to plaintiff even where plaintiff has attached an affidavit assigning his rights in the fee award to counsel) (citing *Hall v. Astrue*, 2008 WL 905218, at *1 (10th Cir. 2008)). Thus, absent legal authority to the contrary, the court concludes that attorneys' fees in the present case must be awarded to Plaintiff, not her attorney.[2]

## CONCLUSION

For the reasons set forth above, the court grants Plaintiff's motion for attorneys' fees under

---

[2] This ruling is consistent with the court's previous ruling in *Holmes v. Astrue*, No. 3:08-1829-CMC-JRM, 2010 WL 3220085 (D.S.C. Aug. 12, 2010).

4

the EAJA.  The court awards Plaintiff a total of $6,807.62.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 24, 2011

5